## JOHN SLADE v. HENRY LE PAGE.

### No. 148.

**Attachment—Validity—Rights of Claimant of Property.**—Where the court foreclosing an attachment lien has jurisdiction of the parties by personal service, a claimant of the property attached can not afterwards defeat the judgment of foreclosure by showing that it was issued on an insufficient affidavit.

APPEAL from Presidio.   Tried below before Hon. T. A. FALVEY.

*John A. Green, Jr.,* for appellant.—1.  All presumptions are in favor of the legality of judgments of courts of general jurisdiction, and it not being shown that this affidavit was the only affidavit made to secure the writ, the lien of which created by levy was foreclosed in Slade v. Thurber & Co., it will be presumed that the writ in that case was based upon a proper affidavit.

2.  By filing his affidavit and claim bond, the appellee precluded himself from making any objection to the process levied upon the property, waived all damages in a case of trespass, and was compelled to try the right of property and establish his right thereto.   Roos v. Lewyn & Martin, 23 S. W. Rep., 450; Id., 24 S. W. Rep., 538; Haley v. Villeneuve, 11 Texas, 617; Portis v. Parker, 22 Texas, 707; Seligson v. Staples, 1 W. & W. C. C., sec. 1070; Earle v. Thomas, 14 Texas, 591; The Meador Co. v. Aringdale, 58 Texas, 450; Livingstone v. Wright, 68 Texas, 706; Publishing Co. v. Hitson, 80 Texas, 234, 235; Gilmour v. Heinze, 85 Texas, 76; Webb v. Mallard, 27 Texas, 84, 85; Latham v. Selkirk, 11 Texas, 320.

*Ogden & Harwood,* for appellee.—1.   The affidavit for the attachment constitutes, together with the bond, the authority for issuing the attachment, and it was therefore competent to prove by this affidavit that the attachment was unlawfully issued, and that the officer, acting under the void writ, was a mere trespasser.   Rev. Stats., arts. 4832, 4838, 4839; Publishing Co. v. Hitson, 80 Texas, 234; Peters v. Conway, 4 Bush, 566; Wood v. Garsule, 58 How. Pr., 98.

2.   The undisputed proof, as well as the return of the officer on the writ of attachment, established the fact that the appellee was in possession of the property, and the appellee had therefore the right to defend his possession in any lawful manner, and as a defense had a right to show that the pretended writ of attachment was absolutely void, and conferred upon the officer no authority to invade the possession of the appellee.   See authorities above.

JAMES, CHIEF JUSTICE.—This suit was for trial of the right of property to certain wool seized by a writ of attachment which issued in a suit brought by John Slade against E. R. Thurber & Co., the claimant being the appellee, in whose favor judgment was rendered.

The court directed a verdict in favor of the appellee, the charge being as follows:

"Gentlemen of the Jury: The attachment levied in this case having been issued on an affidavit that was fatally defective, the writ therefor being void and the levy wrongful, therefore the only question for you to determine in this case is, in whose possession were the 109 sacks of wool levied on in this suit at the time of the levy? The written evidence in this case shows, that the sheep from which the said wool was clipped were sold by Thurber & Co. on the 24th day of June, 1886, to defendant, and the uncontradicted proof shows that said Henry Le Page took possession of said sheep, and after taking possession of said sheep, and before said writ was levied on said wool, said wool was clipped from said sheep by the agents and employes of said Henry Le Page, delivered to the agents of the Galveston, Harrisburg & San Antonio Railway for shipment to San Antonio, Texas, and was in the possession of said railway agent at the time the said writ of attachment was levied on said wool, then the possession of the agent of said Galveston, Harrisburg & San Antonio Railway in law under those circumstances would be the possession of said Henry Le Page. Therefore you will find a verdict: 'We the jury find that the wool levied on by writ of attachment of the 23rd day of September, 1886, was in possession of Henry Le Page at the time of said levy.'"

On April 22, 1887, judgment was rendered in favor of plaintiff against Thurber & Co. foreclosing the attachment lien, subject to the trial of the right of property with Le Page. At the same term of the court the cause between Slade and Le Page concerning the title to the property was tried, without the validity of the attachment being questioned. The cause was appealed and the judgment reversed. Le Page v. Slade, 79 Texas, 473. At the September Term, 1891, the present judgment was rendered. On this trial the claimant interposed the plea that the affidavit and writ of attachment were void, and did not authorize any interference with the possession of the wool. As stated in appellant's brief, which we assume to be correct, the cause was tried before a jury solely upon the issue raised by this plea, and resulted in the foregoing charge and judgment.

We may here remark, that appellant presents as errors the action of the court refusing various charges which were evidently not passed on by the court; as from the view the court took of the invalidity, under any and all circumstances, of the attachment, and the effect thereof on this case, no other result could have logically followed than the verdict that was directed. Our opinion on the merits of these charges would therefore be in anticipation of what the court would rule in respect to them, and we will not assume that the court will err when it comes to pass on them.

The leading issue before the court may be disposed of by determining whether a stranger to an attachment proceeding, whose possession is disturbed by the seizure, stands in such relation to the proceeding

as will allow him, after a judgment foreclosing the attachment, to defeat the writ by showing that the attachment issued upon a deficient affidavit.

This court has held in Roos v. Lewyn & Martin, 24 Southwestern Reporter, 538, after thorough consideration of the question, that this could not be done, except in cases in which the judgment of foreclosure was for some reason a nullity, and entitled to no force. The writer did not sit in said cause, but now on investigation of the question, is led to agree with the conclusions arrived at in that case in their application to the present one. It is not necessary to repeat the citations and reasoning of the opinion delivered in Roos v. Lewyn & Martin. Here the judgment in the attachment case indicates that the defendants were in court by personal service. Its jurisdiction to render judgment against the defendants did not therefore depend on the attachment. The attachment in such case is merely a conservative measure allowed the plaintiff for the purpose of securing his demand against the defendant. Vanfleet on Col. Attack, sec. 257. Although it is an expression commonly met with in decisions of our own courts as well as others, that an insufficient affidavit or bond vitiates the writ, this has generally, if not always, been in cases where the defect was being claimed in the same proceeding. The great weight of authority appears to sustain the view that the judgment of foreclosure is not subject to be opened by defendant, and for less reason by others, in a collateral proceeding, to admit evidence of the existence of a vice in suing out the writ; and it seems to us this rule may well rest on the principle, that "where the court has jurisdiction of the parties, it has jurisdiction to determine the question between them, whether or not an attachment sued out in the cause is valid for the purpose of foreclosure, and an error of judgment in such case, as in other cases, should be available only on appeal." Morey v. Hoyt (Conn.), 26 Atl. Rep., 131; Bolinger v. Gallagher (Pa.), 22 Atl. Rep., 815. It is entirely reasonable to say, that such judgment of foreclosure binds the defendant in any interest he may have in the property seized, and it should be held to have effect that far in a controversy with a claimant. If our statute had declared that a judgment of foreclosure founded on an imperfect affidavit should be void, or if the court rendering the judgment did not have jurisdiction to do so, the case would be different.

It can not with reason be contended that the trial of the claim is a part of the same cause. It is clearly a separate proceeding, one between different parties, tried on a separate issue, and oftentimes in a different court. The court we think erred in its view of the question.

It is not necessary to decide whether or not the plea came too late, nor need we look to see that the affidavit was in fact insufficient.

*Reversed and remanded.*

Delivered October 10, 1894.