E. L. WILSON HARDWARE COMPANY v. F. J. & R. C. DUFF ET AL.

Decided March 3, 1909.

**1.—Garnishment—Lien.**

Garnishment proceedings are purely statutory and cannot be extended beyond reaching the effects of a defendant in a suit for debt in the garnishee's hands. The writ gives the creditor a lien on the debt in so far as it restrains the garnishee from paying it over to the original debtor, but no further.

**2.—Same—Service—Liability of Garnishee.**

Service of the summons on the garnishee renders him liable to plaintiff from the time of service for all debts owing by him to defendant at the time of service; and he cannot escape liability to the plaintiff therefor by afterwards paying it to defendant or any one else.

**3.—Same—Lien—Payment without Notice—Assignment.**

A railway company settled a suit by the debtor and authorized his attorney to draw for the amount, which he did on April 2, 1903, and received the amount on April 14, the draft being paid by the company on April 13. On April 4, 1903, the plaintiff sued the debtor and sued out a writ of garnishment against the company which was served on its local agent on the same day, but the treasurer had paid the draft before he or any officer had notice of service of the writ on the local agent, the latter having failed to notify them. On April 10, the debtor in payment of debts drew an order in favor of the Hardware Company and an order in favor of another creditor on his said attorney, both to be paid when the latter received the money from the railway company, the latter order being assigned to the Hardware Company and both orders were presented to the attorney on April 16, and left with him. On April 16, the plaintiff in garnishment sued out a writ of garnishment against the attorney, and it was served on the same day after he had received the orders. Held, that the money paid by the railroad company to the attorney was the money of the debtor, whose right to it was not affected by the writ sued out against and served on the railway company, that is, no lien extended to the money in the hands of the attorney after it had been paid, and, the execution and delivery of the two orders prior to the service of the writ of garnishment on the attorney being an absolute assignment and transfer of the debtor's interest in the fund in the attorney's hands, the Hardware Company was entitled to the money so assigned it as against the plaintiff in garnishment.

Appeal from the District Court of Jefferson County. Tried below before Hon. L. B. Hightower.

*J. D. Wilkerson* and *Geo. D. Anderson,* for appellant.

*Greers & Nall,* for appellees.—The Texas & New Orleans Railway Company having become indebted to D. R. Sims, who was repre-

sented by Duff & Duff as attorneys, and having been served with a writ of garnishment on April 4, and its treasurer, without knowledge that such service had been made, paid $1,100 of the money over to the attorneys for Sims, the railroad company was entitled to show that the payment was made through error and by interpleader have the money paid into court. Foy v. Bank, 28 S. W., 137.

Garnishment is a proceeding in rem, and service of writ fixes a lien upon the property in the hands of the garnishee, and the property in the hands of a third person can be subjected to such a lien or recovered by the plaintiff in garnishment. Houston Drug Company v. Kirchhain, 71 S. W., 608.

The execution of the two orders by Sims, addressed to Duff & Duff, was not an assignment to either the Wilson Hardware Company or Wilson Bros. Company, and therefore did not transfer Sims' interest in the funds due him by the Texas & New Orleans Railway Company, and Duff & Duff having refused to accept these orders the E. L. Wilson Hardware Company and Wilson Bros. Company had no valid prior claim against Duff & Duff for the funds paid them by the railroad company under the circumstances in which the money came into their possession, and Sims had the right to disregard the orders and settle with McFaddin at any time he saw proper so to do. Kinney v. Lee, 10 Texas, 155; Lindsay v. Price, 33 Texas, 280; Jones v. Cunningham, 15 S. W., 38.

NEILL, ASSOCIATE JUSTICE.—The original suit, No. 3963, was brought by E. L. Wilson Hardware Company against F. J. & R. C. Duff upon two orders drawn on the defendants therein by D. R. Sims, one for $541.45 in favor of the plaintiff, and the other for $484 in favor of Wilson Bros. & Company, the latter order having been assigned by the payees to plaintiff without consideration. Each of the orders were executed and delivered on April 10, 1903, and the suit was brought on them on May the 15th following. Two garnishment cases, based upon a demand of W. P. H. McFaddin, V. Wiess and W. W. Kyle against D. R. Sims, upon which suit No. 3707 had been brought and was pending in the District Court, were consolidated with this case, the first of which being No. 3707a and styled W. P. H. McFaddin et al. v. Texas & New Orleans Ry. Co., garnishee, and the second No. 3707b, styled W. P. H. McFaddin et al. v. F. J. & R. C. Duff, garnishees. The writ of garnishment in the first, No. 3707a, was served on the garnishee on April 4, 1903, and the writ in No. 3707b was served on the garnishees on April 16, 1903. The E. L. Wilson Hardware Co. was interpleaded in each of the garnishment suits by the respective garnishees, and the Texas & New Orleans Railway Co. intervened in case No. 3963 and No. 3707b, and McFaddin et al. were interpleaded in cause No. 3963. These interpleaders and interventions were prior to the consolidation.

After the three cases were consolidated, the court entered an interlocutory decree adjudging that F. J. and R. C. Duff and D. W. Glasscock, composing the firm of F. J. & R. C. Duff, were, as to one thousand dollars involved, mere stakeholders, and had no interest in the fund except as stakeholders, and that as such they had the right to

require the several parties claiming an interest in the fund to inter-
plead with one another. It was further decreed that the firm of
F. J. & R. C. Duff, who were originally in possession of $1,100, had
the right to subtract therefrom $100 as attorneys' fees, and that they
pay into the registry of the court $1,000 to abide the result of the
consolidated suit; and that, upon complying with said order, they
should be discharged from all liability to the plaintiff Wilson Hard-
ware Company or to the garnishers, McFaddin, Wiess & Kyle, and to
the Texas & New Orleans Ry. Company. It was further ordered that
the costs incurred in the cause by F. J. & R. C. Duff be taxed against
the fund in court to abide the final decision of the case.

The final trial of the cause was by the court without a jury and re-
sulted in a judgment that the E. L. Wilson Hardware Company take
nothing by its suit; that W. P. H. McFaddin, V. Wiess and W. W.
Kyle be paid the $1,000 in the registry of the court which had been
deposited there by F. J. & R. C. Duff; and that the Texas & New
Orleans Railway Company be discharged of any liability in so far as
the $1,000 is concerned. Other matters were also adjudicated; but
as the E. L. Wilson Hardware Company has alone appealed, and as
the right as between it and McFaddin, Wiess &. Kyle, to the $1,000
paid into the registry of the court on its interlocutory decree is only
involved in this appeal, we deem it unnecessary to state the other fea-
tures of the judgment.

The facts are undisputed that upon April 2, 1903, and prior there-
to, Duff & Duff, a law firm composed of F. J. and R. C. Duff and D.
W. Glasscock, were the attorneys for D. R. Sims in a suit brought by
him against the Texas & New Orleans Railway Company, which suit
was, on April 2, 1903, settled by agreement, and the railroad company
authorized Duff & Duff to draw upon it for the sum of $1,100 in pay-
ment of the sum agreed upon in the settlement. The draft was
drawn by Duff & Duff on that date, and paid by the Company on
April 13, 1903, to the collecting bank in Houston, Texas, and the
proceeds were received by Duff & Duff on April 14, 1903. On April
4, 1903, W. P. H. McFaddin, V. Weiss and W. W. Kyle sued D. R.
Sims for an alleged indebtedness of about $3,000, and sued out a
writ of garnishment against the Texas & New Orleans Railway Com-
pany, which was served upon the company through its local agent at
Beaumont on the same day it was issued; but the agent on whom the
writ was served failed to notify the company's officers or agents at
Houston of the issuance and service of the writ until after the draft
was paid. On April 10, 1903, D. R. Sims, being indebted to E. L.
Wilson Hardware Company in the sum of $541.45, drew on Duff &
Duff an order to pay such indebtedness to the Hardware Company
when they received the money from the Texas & New Orleans Rail-
way Company. D. R. Sims being also indebted to Wilson Bros. &
Company in the sum of $484, on the same day drew his order in
their favor on Duff & Duff for such amount, to be paid when they
collected the money from said railway company. This order was by
the payees transferred and assigned to E. L. Wilson Hardware Com-
pany, who, on April 10, 1903, presented the same, as well as the order
drawn in its favor, to Duff & Duff for payment; and on the 16th of

April it again presented both orders left with them. Upon April 16, 1903, McFaddin, Wiess & Kyle procured the issuance of a writ of garnishment against Duff & Duff, which was served upon them on that day. These garnishment proceedings are the parents of cases Nos. 3707a and 3707b, which were consolidated with case No. 3963. The draft hereinbefore mentioned, drawn by the railway company in favor of Duff & Duff, was paid by B. C. Cushman, the treasurer of the company, without knowing that the writ of garnishment had been served on the railway company through its local agent at Beaumont; but if Cushman had known of the writ of garnishment he would not have paid the draft. The one thousand dollars, paid into the registry of the District Court by Duff & Duff in obedience to the interlocutory order above mentioned, are of the proceeds of said draft.

Under these undisputed facts the money paid by the railroad company to Duff & Duff, as the attorneys of D. R. Sims, was the money of Sims, whose right to it was not affected by the writ of garnishment theretofore sued out by McFaddin, Wiess & Kyle and served on the company. It having been paid by its treasurer after the railroad company had been served with the writ in the manner prescribed by law, his ignorance of the issuance and service of the garnishment did not affect Sims' right to the money or his right to appropriate the same to the payment of his debts. In other words, no lien by reason of the garnishment extended to the money in the hands of Sims' attorneys after it had been paid; for garnishment proceedings are purely statutory and can not be extended beyond reaching the effects of a defendant in the garnishee's hands. (Noyes v. Brown, 75 Texas, 458.) The writ of garnishment gives the creditor a lien on the debt in so far as it restrains the garnishee from paying over to the original debtor, but no further. (Shinn on Attach. and Garnishment, sections 467, 487, 613.) As is said by Rood on Garnishments, section 192: "Service of the summons on the garnishee renders him liable to plaintiff, from the time of service, for . . . all debts owing him by the defendant at the time of service; and he can not escape liability to the plaintiff therefor by afterwards . . . paying it to the defendant or anyone else." See also Jemison v. Scarborough, 56 Texas, 358; Arthur v. Batte, 42 Texas, 159; Burk v. Hance, 76 Texas, 79; Planters'. Bank v. Floeck, 17 Texas Civ. App., 418. As article 225, Sayles' Civil Statutes, provides that it shall not be lawful for the garnishee to pay to the defendant any debt or deliver him any effects after the service of the writ of garnishment, we are unable to perceive how the railroad company can be heard to say that a lien attached to the money in the hands of Duff & Duff, which it had unlawfully paid them as the attorneys for Sims. The money paid by the railway company to Duff & Duff as the attorneys for Sims, not being affected by the garnishment against the railway company, and the execution and delivery of the two orders to plaintiff and Wilson Bros. & Company by D. R. Sims, on Duff & Duff, on April 10, 1903, six days prior to the service of the garnishment upon Duff & Duff, being an absolute assignment and transfer of D. R. Sims' interest in the fund in Duff & Duff's hands (Stillson v. Stevens, 23 S. W., 322; Milmo Nat'l Bank v. Convery, 8 Texas Civ. App., 181; Beaumont

Lumber Co. v. Moore, 41 S. W., 181), and the orders having been presented to Duff & Duff for payment prior to the service of the writ of garnishment on them, the plaintiff, E. L. Wilson Hardware Company, was entitled to the money so assigned it. And, as the money was under the interlocutory order paid into the registry of the court, the plaintiff was entitled to a judgment as against all the parties to the consolidated suits, ordering the fund paid to it out of the registry. The part of the judgment against plaintiff and in favor of McFaddin, Wiess & Kyle as to the $1,000 paid in the treasury, being the only part appealed from by either party (save the interlocutory order consolidating the suits and ordering the fund paid into the registry, which is objected to and assigned as error by appellant, which assignment we are not prepared to sustain), such part of the judgment is reversed, and judgment is here rendered in favor of appellant that it be paid said sum of money deposited into the registry under said interlocutory order.

*Reversed and rendered.*