TEXAS & NEW ORLEANS RAILROAD COMPANY v. W. P. H. McFADDIN
ET AL.

No. 2193.    Decided January 17, 1912.

**Garnishment—Fund in Court—Judgment.**

A garnishee having, after service of the writ, paid his indebtedness to an assignee of the creditor, the latter, in a proceeding to which the plaintiff and defendant in garnishment and the garnishee were made parties with him, was held to pay the money into court, where it was finally, on appeal, awarded to him, the garnishee being discharged. Held that the plaintiff in garnishment was precluded by such proceeding disposing of the fund from further seeking judgment against the garnishee, and the latter was properly discharged.

Error to the Court of Civil Appeals, First District, in an appeal from Jefferson County.

The railroad company obtained writ of error on a judgment of the Court of Civil Appeals reversing that of the trial court and rendering judgment against it as garnishee in favor of McFaddin and others.

*Baker, Botts, Parker & Garwood* and *Parker, Orgain & Butler,* for plaintiffs in error.

*Greers & Nall,* for defendants in error.

MR. JUSTICE RAMSEY delivered the opinion of the court.

On April 4, 1903, defendants in error filed suit against D. R. Sims, claiming certain indebtedness, and, at the same time, sued out a writ of garnishment against the plaintiff in error which was served on that day. Thereafter, on April 16 of the same year, defendants in error sued out another writ of garnishment against the firm of F. J. and R. C. Duff. On April 10, 1903, Sims executed an order in favor of Wilson Hardware Company for $541.45, and another for $484.00 in favor of the Wilson Brothers & Company, which was thereafter assigned to the Wilson Hardware Company. Suit was thereafter brought by the Wilson Hardware Company against the firm of F. J. and R. C. Duff, claiming the garnished funds in their hands under said assignment. The plaintiff in error, Texas & New Orleans Railway Company, intervened in this cause, setting up the garnishment

proceedings against it and alleging that it had by mistake paid the garnished funds, except $31.20, to Duff & Duff, and praying that all the parties at interest in the suits before named be made parties to the Wilson suit, and asking that the court make such orders as would protect it against having to pay the same sum twice. Upon motion the cases were consolidated. On November 27, 1903, the court rendered an interlocutory judgment to the effect that the Wilson Hardware Company take nothing as to their suit against Duff & Duff, adjudging them to be merely stakeholders, and that, after deducting their fee of $100.00, they should deposit the residue in their hands, amounting to $1,000.00, in the registry of the court, that they be discharged and that said sum be held as subject to the writs of garnishment against both garnishees until final trial of the suit of McFaddin et al. v. Sims, and discharging the Texas & New Orleans Railway Company. The case of McFaddin et al. v. Sims had quite a history after this, but, on February 9, 1908, was settled by an agreed judgment, made, however, without notice or consent of the other parties to the suit. This judgment was claimed to be invalid by the Railway Company, but it is unnecessary to pass on this question. On March 28, 1908, in the consolidated case, a judgment was rendered that Wilson Hardware Company take nothing, and adjudging to defendants in error, McFaddin & Company, the $1,000.00 in the registry of the court, and that the Texas & New Orleans Railway Company, as garnishee, be finally discharged. All the parties at interest were parties to this suit. From this judgment the Wilson Hardware Company appealed to the Court of Civil Appeals, and, later, on to-wit, March 24, 1909, the judgment of the lower court was reversed and judgment rendered for the Wilson Hardware Company for the $1,000.00 then in the registry of the court. (117 S. W., 440.) Thereafter, the defendants in error here, McFaddin & Company, sued out a writ of error to the Court of Civil Appeals, asking that so much of the judgment of the court below as discharged the Texas & New Orleans Railway Company be reversed and that judgment be rendered for them for $1,131.20. In the opinion delivered in said court on May 9, 1910, this relief was adjudged to them, and the correctness of this judgment is questioned by the writ of error heretofore applied for and granted by this court.

The record shows that in the court below the matter of contest was the ownership and right to the sum then in the registry of the court. This is made clear, not only by the entire record, but especially by recitals in the judgment from which the appeal was prosecuted. This judgment contains, among other things, the following recital:

"Therefore, all parties announced ready for trial, the plaintiff, E. L. Wilson Hardware Co., upon its first amended original petition, The Texas & New Orleans Railroad Company, F. J. and R. C. Duff and W. P. H. McFaddin v. Wiess and W. F. Kyle, upon their respective pleadings, including the motion of the said McFaddin-Wiess & Kyle filed in this cause to make the interlocutory judgment heretofore entered on November 27, 1903, final, and to decree to W. P. H. Mc-. Faddin, v. Wiess and W. W. Kyle the $1,000,000 in the registry of this court, as mentioned in said interlocutory judgment; and to award

judgment against the Texas & New Orleans Railroad Company, garnishee, in the further sum of $31.20, as in said interlocutory judgment provided. And the court, having heard the evidence and the argument of counsel thereon, and being fully advised in the premises, is of the opinion that said interlocutory judgment should be confirmed and made final, etc.''

Whatever may have been the right originally of the defendants in error to have ignored the payment to Duff & Duff and the deposit in the registry of the court, and to have prosecuted their rights under the garnishment proceeding against the Texas & New Orleans Railroad Company, it seems to us to be absolutely clear that when, as in this case, all the parties were before the court, the money and fund representing the debt of Sims was by the direction of the court placed in its registry and held subject to its control, and where all the parties elected to contend and contest for this fund as representing the indebtedness to Sims, the common debtor, and where the defendant in error on its own motion sought and obtained an order applying this fund to its use and adjudging it to belong to it, that it ought not thereafter in the same case on appeal be permitted to shift its ground and ignore all that was done, and be allowed to proceed under its original garnishment. Having made an election at a time when the fund was in court, under circumstances protecting the railroad company against double payment, it will be held to such an election, and the effect of all the proceedings was and is to discharge the garnishee, The Texas & New Orleans Railroad Company. It is therefore ordered that the judgment of the Court of Civil Appeals be and the same is hereby reversed and judgment is here rendered that defendants in error take nothing by their suit and that they pay all costs in this behalf expended.

*Reversed and rendered.*