TEXAS & N. O. R. CO. v. McFADDIN et al.
(Supreme Court of Texas. Jan. 17, 1912.)

GARNISHMENT (§ 198*)—DISCHARGE.

Plaintiffs originally sued S., aided by garnishment of a railroad company, and thereafter sued out another garnishment against D. Meanwhile S. executed orders in favor of a hardware company, and it sued D., claiming the garnished funds in his hands under the assignment to it, and the railroad company intervened, claiming that it had by mistake paid the garnished funds to D., except $31, and the cases were consolidated and an interlocutory judgment rendered that the hardware company take nothing from D., and that D. deposit the amount in his hands in court to be held subject to the writs against both garnishees until final trial of the suit against S., and discharging the railroad company. The latter suit was settled by an agreed judgment and judgment rendered against the hardware company, and adjudging to plaintiffs the amount deposited in court, and that the hardware company be discharged, but, on appeal, the judgment was reversed, and judgment rendered for that company for the deposit in court. The judgment recited that all of the parties above named announced ready for trial upon the pleadings, including plaintiffs' motion to make the interlocutory judgment final and decree plaintiffs the deposit and for judgment against the railroad company for $31, and that the interlocutory judgment was confirmed. Held, that all of the parties below had elected to consider the deposit in court as a fund in controversy, and thereby discharged the railroad company as garnishee, so that plaintiffs cannot on appeal assert their original claim against it as garnishee.

[Ed. Note.—For other cases, see Garnishment, Dec. Dig. § 198.*]

Appeal to Court of Civil Appeals of First Supreme Judicial District.

Consolidated actions by W. P. McFaddin and others against D. R. Sims, in which the Texas & New Orleans Railroad Company and two others were garnishees, and by the Wilson Hardware Company against F. J. Duff and another. Judgment of the Court of Civil Appeals (129 S. W. 634) reversing a judgment adjudging an amount deposited in court to the Hardware Company and discharging the Railroad Company as garnishee, and it brings error. Reversed, and judgment rendered against plaintiffs.

Baker, Botts, Parker & Garwood and Parker, Orgain & Butler, for plaintiff in error. Greers & Nall, for defendants in error.

RAMSEY, J. On April 4, 1903, defendants in error filed suit against D. R. Sims, claiming certain indebtedness, and at the same time sued out a writ of garnishment against the plaintiff in error, which was served on that day. Thereafter, on April 16th of the same year, defendants in error sued out another writ of garnishment against the firm of F. J. & R. C. Duff. On April 10, 1903, Sims executed an order in favor of Wilson Hardware Company for $541.45 and another for $484 in favor of the Wilson Bros. & Co., which was thereafter assigned to the Wilson Hardware Company. Suit was thereafter brought by the Wilson Hardware Company against the firm of F. J. & R. C. Duff, claiming the garnished funds in their hands under said assignment. The plaintiff in error, Texas & New Orleans Railroad Company, intervened in this cause, setting up the garnishment proceeding against it, and alleging that it had by mistake paid the garnished funds, except $31.20, to Duff & Duff, and praying that all the parties at interest in the suits before named be made parties to the Wilson suit, and asking that the court make such orders as would protect it against

having to pay the same sum twice. Upon motion the cases were consolidated. On November 27, 1903, the court rendered an interlocutory judgment to the effect that the Wilson Hardware Company take nothing as to their suit against Duff & Duff, adjudging them to be merely stakeholders, and that, after deducting their fee of $100, they should deposit the residue in their hands, amounting to $1,000, in the registry of the court, that they be discharged, and that said sum be held as subject to the writs of garnishment against both garnishees until final trial of the suit of McFaddin et al. v. Sims and discharging the Texas & New Orleans Railroad Company. The case of McFaddin et al. v. Sims had quite a history after this, but on February 9, 1908, was settled by an agreed judgment, made, however, without notice or consent of the other parties to the suit. This judgment was claimed to be invalid by the railway company but it is unnecessary to pass on this question. On March 28, 1908, in the consolidated case, a judgment was rendered that Wilson Hardware Company take nothing, and adjudging to defendants in error McFaddin & Co. the $1,000 in the registry of the court, and that the Texas & New Orleans Railroad Company, as garnishee, be finally discharged. All the parties at interest were parties to this suit. From this judgment the Wilson Hardware Company appealed to the Court of Civil Appeals, and, later on, to wit, March 24, 1909, the judgment of the lower court was reversed and judgment rendered for the Wilson Hardware Company for the $1,000 then in the registry of the court. 54 Tex. Civ. App. 285, 117 S. W. 440. Thereafter the defendants in error here, McFaddin & Co., sued out a writ of error to the Court of Civil Appeals, asking that so much of the judgment of the court below as discharged the Texas & New Orleans Railroad Company be reversed, and that judgment be rendered for them for $1,131.20. In the opinion delivered in said court on May 9, 1910, this relief was adjudged to them, and the correctness of this judgment is questioned by the writ of error heretofore applied for and granted by this court.

The record shows that in the court below the matter of contest was the ownership and right to the sum then in the registry of the court. This is made clear, not only by the entire record, but especially by recitals in the judgment from which the appeal was prosecuted. This judgment contains, among other things, the following recital: "Therefore all parties announced ready for trial, the plaintiff, E. L. Wilson Hardware Company, upon its first amended original petition, the Texas & New Orleans Railroad Company, F. J. & R. C. Duff, and W. P. H. McFaddin, V. Wiess and W. F. Kyle, upon their respective pleadings, including the motion of the said McFaddin-Wiess & Kyle filed in this cause to make the interlocutory judgment heretofore entered on November 27, 1903, final, and to decree to W. P. H. McFaddin, V. Wiess, and W. W. Kyle the $1,000 in the registry of this court as mentioned in said interlocutory judgment, and to award judgment against the Texas & New Orleans Railroad Company, garnishee, in the further sum of $31.20, as in said interlocutory judgment provided. And the court, having heard the evidence and the argument of counsel thereon, and being fully advised in the premises, is of the opinion that said interlocutory judgment should be confirmed and made final," etc.

Whatever may have been the right originally of the defendants in error to have ignored the payment of Duff & Duff and the deposit in the registry of the court, and to have prosecuted their rights under the garnishment proceeding against the Texas & New Orleans Railroad Company, it seems to us to be absolutely clear that when, as in this case, all the parties were before the court, the money and fund representing the debt of Sims was by the direction of the court placed in its registry and held subject to its control, and, where all the parties elected to contend and contest for this fund as representing the indebtedness to Sims, the common debtor, and where the defendant in error on its own motion sought and obtained an order applying this fund to its use and adjudging it to belong to it, that it ought not thereafter in the same case on appeal be permitted to shift its ground, and ignore all that was done, and be allowed to proceed under its original garnishment. Having made an election at a time when the fund was in court under circumstances protecting the railroad company against double payment, it will be held to such an election and the effect of all the proceedings was and is to discharge the garnishee, the Texas & New Orleans Railroad Company.

It is therefore ordered that the judgment of the Court of Civil Appeals be, and the same is hereby, reversed, and judgment is here rendered that defendants in error take nothing by their suit, and that they pay all costs in this behalf expended.