REINERTSEN v. E. W. BENNETT & SONS
et al.   (No. 544.)

(Court of Civil Appeals of Texas. El Paso.
April 27, 1916. Rehearing Denied
May 18, 1916.)

1. COURTS  ⬦⟿23—JURISDICTION—CONSENT.

Consent cannot confer jurisdiction, and where the court did not have jurisdiction, the judgment is a nullity, though the parties consented.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 75, 75½, 81; Dec. Dig. ⬦⟿23.]

2. COURTS ⬦⟿40—PARTIES ⬦⟿47—INTERVENTION — RIGHTS OF INTERVENER — JURISDICTION.

The rights of an intervener are limited, and where the court has no jurisdiction over the action, it has no jurisdiction over the intervention proceedings.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 157–161; Dec. Dig. ⬦⟿40; Parties, Cent. Dig. § 74; Dec. Dig. ⬦⟿47.]

3. GARNISHMENT ⬦⟿204—ABATEMENT—RIGHT TO SEEK.

Where plaintiff garnished moneys belonging to defendant, and thereafter others were allowed to intervene in the action, their garnishments against the same fund being consolidated with that of plaintiff, plaintiff's garnishment could be quashed for irregularities in the bond and affidavit only at the instance of defendant, or the garnishee, and the interveners could not question its validity, for if it fell, their rights fell with it.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. § 396; Dec. Dig. ⬦⟿204.]

4. GARNISHMENT ⬦⟿193—PROCEEDINGS—CONSOLIDATION.

Where the garnishee and defendant treated the fund garnished by plaintiff as a trust fund to be awarded to those who would come in and establish their priority in the garnishment suit, the proceedings being consolidated, the validity of plaintiff's garnishment was immaterial.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. §§ 381, 382; Dec. Dig. ⬦⟿193.]

5. GARNISHMENT ⬦⟿204 — CONSOLIDATION — RIGHT TO INTERVENE.

A party claiming a prior right to a fund garnished may intervene, and holders of orders on the fund presented before garnishment may have the cases consolidated, or may intervene and have the issues determined at one time.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. § 396; Dec. Dig. ⬦⟿204.]

6. GARNISHMENT ⬦⟿108 — PRIORITY — PRIOR RIGHTS.

A garnishor's rights are determined by his priority in point of time.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. §§ 220–226; Dec. Dig. ⬦⟿108.]

7. APPEAL AND ERROR ⬦⟿916(2)—PRESUMPTIONS.

In a garnishment suit where a number intervened and judgment went for some of interveners, the appellate court cannot, where the record did not show any pleadings by such interveners, though it may be presumed that pleadings were filed, assume that the pleadings showed priority as to such persons, and on that theory uphold a judgment against the original garnishor.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3701; Dec. Dig. ⬦⟿916(2).]

Appeal from District Court, Pecos County; W. C. Douglas, Judge.

Action by Jonas Reinertsen against the Baker Manufacturing Company, a copartnership, and against the Zimmerman Land & Irrigation Company as garnishee, consolidated with several other actions by E. W. Bennett & Sons and others against the same garnishees, in which numerous persons intervened, asserting claims to the fund. From the judgment, said Reinertsen appeals. Reversed and remanded.

Howell Johnson, of Ft. Stockton, and J. F. Woodson, of El Paso, for appellant. R. D. Blaydes and Williams & Jackson, all of Ft. Stockton, and W. A. Hadden, of San Antonio, for appellees.

HARPER, C. J. On May 29, 1915, Reinertsen filed suit in the district court of Pecos county against the firm of Baker Manufacturing Company, a copartnership, and the individual members thereof, to recover sum of $2,398.82. This is suit No. 1139. On the same day, he sued out a writ of garnishment against Zimmerman Land & Irrigation Company, a corporation, which writ was served on May 31, 1915. This garnishment proceeding is numbered cause No. 1140. On October 1, 1915, in cause No. 1139, a judgment was rendered in favor of Reinertsen for the amount sued for. The proceedings and judgment rendered in this cause are not appealed from, and are not before us for consideration. The judgment was a simple recovery for $2,398.82, without lien or preference of any kind. So far as that judgment is concerned, Reinertsen stands in the attitude of a simple judgment creditor of the Baker Manufacturing Company, and if he is to be accorded any prior right to any funds in the hands of the Zimmerman Land & Irrigation Company, belonging to the Baker Manufacturing Company, it is by virtue alone of the garnishment proceedings against said Zimmerman Land & Irrigation Company.

It appears that cause No. 1140, was consolidated with a number of other causes pending in the district court of said county, in which causes certain parties were claiming an indebtedness against the Baker Manufacturing Company, and were seeking, by garnishment and otherwise, to subject to the payment of their claims certain moneys in the hands of the Zimmerman Land & Irrigation Company. It is not apparent just when these causes were consolidated. Among the causes so consolidated was garnishment cause No. 1143, of Bennett & Sons v. Zimmerman Land & Irrigation Company, Garnishee. No. 1143 was ancillary to cause No. 1142, of Bennett & Sons v. Baker Manufacturing Company. Also garnishment cause No. 1146, of N. Winkler v. Zimmerman Land & Irrigation Company, Garnishee. Said cause No. 1146 was ancillary to cause No. 1145 of N. Winkler v. Baker Manufacturing Company. Also cause No. 1167, Sweatt & Carr, Plaintiffs, who were claiming an in-

debtedness against the Baker Manufacturing Company, and claiming a contractor's lien to secure its payment upon the funds in the hands of Zimmerman Land & Irrigation Company. In said consolidated cause, a number of individuals, designated as interveners, had intervened. One of the interveners Givens, was claiming an assignment from the Baker Manufacturing Company of a portion of the said funds in the hands of the Zimmerman Land & Irrigation Company, and the interveners John Flemister and 19 others were claiming various amounts against the Baker Manufacturing Company, and claiming laborer's liens to secure its payment upon said funds in the hands of the Zimmerman Land & Irrigation Company. It also seems that the First National Bank of Ft. Stockton was claiming a portion of said fund by virtue of an order given by the Baker Manufacturing Company.

From recitals in certain of the pleadings, it appears that Bennett & Sons and N. Winkler on September 8, 1915, were impleaded in cause No. 1140 by the garnishee therein. On September 25, 1915, they answered the bill of interpleader. They first moved to quash the garnishment proceedings for certain defects in the affidavit and writ. Bennett & Sons further averred that on June 14, 1915, they filed suit in said court against the Baker Manufacturing Company to recover $2,000, cause No. 1142, and on same date filed ancillary suit No. 1143, Bennett & Sons v. Zimmerman Land & Irrigation Company, and procured the issuance of a writ of garnishment therein, which was served upon the Zimmerman Land & Irrigation Company on June 14, 1915. Winkler averred that on June 16, 1915, he filed suit in said court against the Baker Manufacturing Company to recover $631, with interest, penalty, and costs, cause No. 1145, and on same day filed ancillary suit No. 1146, Winkler v. Zimmerman Land & Irrigation Company, and procured the issuance of a garnishment therein, which was served upon the Zimmerman Land & Irrigation Company on June 16, 1915. In their said answers, Bennett & Sons and Winkler also set up the pendency of Reinertsen's suit and other suits in said court, wherein the plaintiffs were seeking by garnishment or direct suits to establish prior rights to funds in the hands of the Zimmerman Land & Irrigation Company in satisfaction of the claims of such parties against the Baker Manufacturing Company. They then averred that they (Bennett & Sons and Winkler) had acquired a prior right to such funds by virtue of their said garnishment proceedings against the Zimmerman Land & Irrigation Company, and asked that all suits by the various claimants, including cause No. 1140, be consolidated, so that the priorities of the respective parties to the funds in the hands of Zimmerman Land & Irrigation Company might be determined and fixed. The said answers of Bennett & Sons and

Winkler to such bill of interpleader then concluded with prayers that their claims against the Baker Manufacturing Company asserted in causes Nos. 1142 and 1146 be given priority of right, and ordered paid first out of said funds, by virtue of priority acquired by the garnishments in causes Nos. 1143 and 1146. It seems that consolidation of such suits was then made.

On October 1, 1915, the Zimmerman Land & Irrigation Company answered in consolidated causes Nos. 1140, 1143, 1146, et al. In said answer it stated that it had a certain sum of money in its hands which was owing to the Baker Manufacturing Company. This answer set up that the Baker Manufacturing Company had delivered to the garnishee written orders as follows: On May 17, 1915, in favor of Bennett & Sons, for $314.75; on May 18, 1915, in favor of First National Bank of Fort Stockton, for $510; on May 20, 1915, in favor of Bennett & Sons, for $700; on May 21, 1915, in favor of R. A. Given, for $122.90. In this answer, it is stated that the writ of garnishment in cause No. 1143 (Bennett & Sons v. Zimmerman Land & Irrigation Company, Garnishee) was served June 14, 1915, and in cause No. 1146 (Winkler v. Zimmerman Land & Irrigation Company) was served June 16, 1915. This answer in effect was a full disclosure of its indebtedness to the Baker Manufacturing Company, and prayer that the fund be adjudicated to the various claimants so that its rights would be preserved and it protected from double recovery.

On October 16, 1915, judgment was entered in the aforesaid consolidated causes. By this judgment the exceptions of Bennett & Sons and Winkler to the sufficiency of the Reinertsen affidavit and writ of garnishment were sustained, and the garnishment proceedings quashed and held for naught. The judgment also disposed of the fund in the hands of the Zimmerman Land & Irrigation Company, belonging to the Baker Manufacturing Company. It was distributed among the claimants thereto above named. To Bennett & Sons was decreed $860 under the garnishment in cause No. 1143, which was ancillary to No. 1142, Bennett & Sons v. Baker Manufacturing Company. To Winkler was decreed $710.40, under the garnishment in No. 1146, which was ancillary to No. 1145, Winkler v. Baker Manufacturing Company. Reinertsen was awarded no part of the fund, his garnishment having been quashed and he showing no other right to any part of the same. From this judgment Reinertsen has appealed, assigning only as error the action of the court in sustaining the exceptions of Bennett & Sons and Winkler to the sufficiency of his affidavit and writ in cause No. 1140 and quashing the proceedings. His contention being that since the original defendant, Baker Manufacturing Company, and the garnishee, Zimmerman Land & Irrigation Company, did not question the sufficiency of the

garnishment proceedings, the same could not be attacked and vacated at the instance of Bennett & Sons and Winkler.

[1-3] The question narrows itself down to this: Can Bennett & Sons and Winkler, creditors of the Baker Manufacturing Company, with garnishments subsequent to Reinertsen, and who were impleaded in cause No. 1140 by the garnishee, question the sufficiency of Reinertsen's garnishment proceedings, or is the right to question the same limited to the original defendant, Baker Manufacturing Company, and the garnishee, Zimmerman Land & Irrigation Company?

Appellees urge that it was the duty of the court to examine the affidavit and bond in garnishment, and if either was found to be defective, because one or both did not conform to the statute, to quash the writ, whether there were exceptions or objections or not, and further contends that the same rule does not apply to garnishments as applies in attachments, for the reason that attachment proceedings are regulated by statute as to who shall be permitted to object to irregularities in the bond and affidavit, in that it provides that they may be quashed only at the instance of the defendant. In Goodbar v. Bank, 78 Tex. 461, 14 S. W. 851, the Supreme Court held that the rule applied in the absence of statute.

Upon what theory the court would have authority, or it would become his duty to examine the papers and determine their sufficiency, is not suggested, but supposedly it is upon the theory that they are necessary to the court's jurisdiction over the funds. If the affidavit and bond are jurisdictional in garnishments, so they must be in attachments. No case has been found, and none cited, holding that an intervener can quash an attachment, on account of defects in affidavit or bond, neither can a case be found holding that a garnishment can be quashed by such intervener for such cause.

The courts have said that attachment or garnishment was void by reason of the absence of a proper affidavit or bond, but the word "void" was improperly used. This must be so, for if the garnishee and defendant answer, or fail to answer, they have submitted to the jurisdiction of the court, and we think no court would hold that, under such circumstances, with neither the defendant nor the garnishee objecting the judgment rendered would be a nullity. Yet, if the proceedings were void for lack of jurisdiction, the judgment would be a nullity, for consent cannot confer jurisdiction. The distinction is clearly stated in Slade v. Le Page, 8 Tex. Civ. App. 403, 27 S. W. 952:

"Although it is an expression commonly met with in decisions of our own court, as well as others, that an insufficient affidavit or bond vitiates the writ, this has generally, if not always, been in cases where the defect was being claimed in the same proceeding. The great weight of authority appears to sustain the view that the judgment of foreclosure is not subject to be opened by defendant, and for less reason by others, in a collateral proceeding, to admit evidence of the existence of a vice in suing out the writ."

The rights of an intervener are limited. If, because of a jurisdictional matter, the fund is not before the court, the intervener cannot come in. The court's jurisdiction of the property or fund must therefore be conceded, for he gets his right to intervene because of the fact that the fund or property is before the court. So it follows that to say that, because of the absence or an insufficient affidavit or bond, the court had no jurisdiction of the fund is equivalent to saying that there has been no intervention.

The object of allowing a third party to intervene as claimant of property or money garnished is to protect the garnishee and the intervener, and he is let in for the purpose of determining whether he has such an interest in the property that the plaintiff cannot have his judgment condemning it to his claim against the principal defendant. The sole issue is whether it is his property. Buckingham v. Shoyer, 86 Ill. App. 370; Rood on Garnishment, § 343; Fleming v. Shields, 21 La. Ann. 118, 99 Am. Dec. 719.

"The issue which may be formed between the garnishment creditor and the claimant of the debt, or demand, or fund sought to be subjected to the garnishment, is collateral to the suit against the debtor, and the suit by garnishment. It does not involve the regularity of the proceedings in either of these suits; and the purpose of compelling its formation and trial is the summary determination of the right of the claimant as against the garnisheeing creditor, whether his right is superior to that of the claimant." Winslow v. Bracken, 57 Ala. 368.

So we conclude that the right to abate an attachment or garnishment on account of defects in affidavit, bond, etc., irregularities, is restricted to defendants, and is not allowed to creditors subsequently taking out writs. Goodbar, White & Co. et al. v. Bank of S. Springs, 78 Tex. 461, 14 S. W. 851.

[4] But the matter of the sufficiency of the affidavit and bond is of no importance in the instant case, for the record shows that the plaintiff, Reinertsen, the defendant manufacturing company and the garnishee treated the garnished fund as a trust fund to be awarded to those who would come in and by proper pleadings and evidence show a right thereto. Where such is the case, the garnishment becomes of no importance. Railway Co. v. McFaddin, 105 Tex. 19, 142 S. W. 1162.

[5] But a party claiming a prior right to the fund may intervene in the suit, and holders of orders on the fund presented prior to the attachment or garnishment may have cases consolidated, or may intervene and have the issues tried at the same time. Kelley Grain Co. v. English, 34 S. W. 651; Ragsdale v. Groos, 51 S. W. 256; Hardware Co. v. Duff, 54 Tex. Civ. App. 285, 117 S. W. 440; Smith v. T. & P. Co., 39 S. W. 969; Foy v.

Bank, 28 S. W. 167; Foeke v. Blum, 82 Tex. 437, 17 S. W. 770.

[6] Applying the rules of law above quoted to the instant case, appellant, Reinertsen, is entitled to recover, as against the fund in the hands of the garnishee, Zimmerman Land & Irrigation Company, the whole of the debt for which he has judgment against the Baker Manufacturing Company, $2,398.-82, unless, after paying other claims which are supported by proper assignments, or liens, mechanic's or attachment or garnishment (which latter two are the same, Foeke, Wilkins et al. v. Blum, 82 Tex. 436, 17 S. W. 770), there is not enough of the funds left to cover the amount. For the reason that the defendant Baker Manufacturing Company, nor the garnishee, Zimmerman Land & Irrigation Company, have sought to abate or quash the garnishment proceedings because of the irregularities, therefore those seeking a portion of the funds in the hands of the Land & Irrigation Company, as garnishee, who have not prior liens to that of Reinertsen, by one of the means above enumerated, cannot participate in the distribution of the funds until his (Reinertsen's) judgment lien has been satisfied.

[7] There is no statement of facts nor findings of fact in the record, and the record is so meager, in that the pleadings of the parties have not been incorporated in the transcript, that we cannot here determine the question of priority of the claims of the parties. For instance, the First National Bank of Ft. Stockton is awarded a judgment for $510, and there is nothing in the transcript to show that it was ever a party to this suit. By the judgment, Sweatt & Carr are awarded a sum of money, and we find no pleadings in the record to show that they have any claim or right to any portion of the funds. If we concede that, in the absence from the record of the pleadings in the case, it will be presumed in support of the judgment that pleadings were on file as held in Holloway v. Hall, 151 S. W. 895, we would not be justified in indulging in the further presumption that such pleading showed a prior right to the moneys in the hands of the garnishee to that of Reinertsen. So in view of the incomplete record, the cause is reversed and remanded for a new trial, that the trial court may inquire into the rights of the parties to the funds, as above indicated, and distribute accordingly.