## TEXAS PACIFIC COAL & OIL CO. v. AMES et al. (No. 123.)

(Court of Civil Appeals of Texas. Eastland. April 4, 1926. Rehearing Denied May 28, 1926.)

1. Evidence ⬅️265(2)—Defendant's admission that money deposited with clerk of court was withdrawn by clerk from bank shortly before clerk became fugitive from justice held sufficient to sustain finding that money was abstracted before order reciting deposit was in court's custody was made.

Defendant's admission that money deposited by it with clerk of court in former interpleader action, without previous authority of court, was withdrawn by clerk from bank shortly after it was deposited and shortly before clerk became fugitive from justice, held sufficient to sustain finding that clerk abstracted funds before order reciting deposit to be in custody of court was made.

2. Election of remedies ⬅️10—Where defendant in interpleader suit litigated right to money deposited with clerk without knowledge that clerk had embezzled funds, held, that doctrine of election did not apply so as to preclude defendants from suing plaintiff on original claim.

Where plaintiff in prior interpleader suit deposited money in court, and parties then litigated claims to fund without knowledge that it had been embezzled by clerk of court before court authorized deposit in registry of court, held, that doctrine of election did not apply so as to preclude defendants from subsequently suing plaintiff on original claim.

3. Judgment ⬅️518.

Attack on judgment made for first time in supplemental pleading is collateral.

4. Judgment ⬅️499.

Validity of judgment of court of general jurisdiction assailed in collateral proceeding can only be determined from record.

5. Judgment ⬅️499.

Recitals of court's jurisdiction in decrees may not be contradicted by evidence outside record in collateral attack thereon.

6. Judgment ⬅️499—Evidence contradicting recital in judgment that money deposited with clerk of court was not in registry of court when clerk absconded held inadmissible over objection in collateral action.

Evidence, contradicting recital in judgment that money deposited with clerk of court without prior order authorizing such deposit was not in registry of court when clerk absconded, held inadmissible over objection in collateral action.

7. Judgment ⬅️486(1).

Where parties admit facts which show that a judgment in former action is void, it is void for purposes of collateral attack as effectively as though shown by record.

8. Deposits in court ⬅️3—Where money deposited with clerk of court without previous authority of court was embezzled by clerk before any order concerning it was entered, court never acquired jurisdiction over it.

Money cannot be properly paid into registry of court except by previous order or statutory authority, and, where money deposited with clerk of court without previous authority of court was embezzled by clerk before any order concerning it was entered, court never acquired jurisdiction over it.

9. Judgment ⬅️27.

A void judgment is a nullity for all purposes.

Appeal from District Court, Eastland County; Geo. L. Davenport, Judge.

Action by John Ames and others against the Texas Pacific Coal & Oil Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

John Hancock, of Fort Worth, for appellant.

---

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Chastain & Judkins and Conner & McRae, all of Eastland, for appellees.

PANNILL, C. J. Appellees in 1923 brought this action against appellant for rentals alleged to be due for the year 1919 on an oil and gas lease executed by appellees to appellant on certain lands of the former. Inasmuch as the judgment in this case depends on the validity of a prior judgment between the same parties, a better view of the issues raised on this appeal can be had by stating the occurrences leading up to the present suit in their chronological order.

In 1919, and prior to the time the payment of the rentals accrued, appellant filed in the Eighty-Eighth district court of Eastland county a bill impleading appellees and certain other parties, alleging that appellees and the other defendants to such bill were claiming the rentals soon to become due, and that appellant did not know to whom to pay, alleging a tender of the money into court, and that the respective claimants be brought into court, and the rights of the parties to said rentals determined. The petition contained allegations seeking a recovery of amounts overpaid, but these allegations are not believed to be material, as the determination of the ownership of the rentals was a distinct object of the bill. The rentals so tendered were not deposited contemporaneously with the filing of the petition, nor was any preliminary order of the court authorizing the deposit of the money with the clerk obtained. Within a few days, appellant sent to the clerk a check for the amount so tendered. The clerk duly receipted for the amount and deposited the check to his personal account in the only bank where the clerk kept an account. Within 30 days after receiving appellant's check, the clerk's account at the bank was overdrawn, and was so continuously thereafter.

At a subsequent term, after the money was deposited, appellant sought and obtained an order from the court authorizing the withdrawal of part of the funds. This order recited that the money was then on deposit in the registry of the court. At the time this order was entered, the proceeds of the check of appellant had been withdrawn from the bank by the clerk as stated. Thereafter on February 24, 1920, the suit of appellant was tried and judgment entered in favor of appellees, against appellant and certain other interpleaded defendants for the rentals which the judgment recited had been deposited by appellant in the registry of the court. The judgment was appealed by those interpleaded defendants, cast in the suit. While the appeal last referred to was pending, and in the early part of 1921 the clerk absconded and fled from justice, and has since been a fugitive from justice.

The facts, the substance of which have been recited, are conceded by appellant and were admitted by it without proof by admissions duly entered in the record. The appeal by the losing defendants in the interpleader suit was decided in favor of appellees, and they then brought suit in the Ninety-First district court against appellant and the sureties on the official bond of the clerk to recover the amounts decreed to them. The original petition declared for debt and contained no allegations attacking the judgments now in controversy. Appellant answered pleading such judgments as res adjudicata. Whereupon appellees filed a supplemental petition dismissing the bondsmen and attacking the judgments pleaded as being void, alleging that the money was deposited with the clerk without a previous order, and that the money was abstracted before the judgments decreeing the same to be a fund in court had been entered, and therefore the court was without jurisdiction to adjudge that the money tendered was in court and that the orders of the court so reciting were entered under a mistake as to the true facts.

The trial court upon the admitted facts found that the money was never a fund in court, and had been embezzled by the clerk before the orders decreeing it to be in the registry of the court were entered. That said funds were never actually placed in the registry of the court. That none of the parties to the first suit knew of the conversion of the funds by the clerk until after judgment in that case was rendered. That appellees were not negligent in failing to discover that the funds had not been deposited in the registry of the court. That appellant's plea of res adjudicata was not a defense. There was no finding that the judgments pleaded are invalid. Decree was entered for the appellees for the amount of rentals sued for, but the decree does not mention the orders in the former proceeding.

The instant appeal is based on three propositions: That orders entered in the first case bar the present. That appellees elected to pursue the money deposited with the clerk and are bound by their act in so doing. That the evidence is insufficient to show that the funds so deposited were abstracted by the clerk before the orders in the first case were made.

[1] The propositions will be discussed in their inverse order. The last will be overruled, for the reason that the admission that the money was withdrawn from the bank a short time after it was deposited, and a comparatively short time thereafter the clerk became and still is a fugitive from justice, is sufficient to sustain the trial court's finding against the contention now under consideration. No default of the clerk is shown from which he would flee, except the charge of embezzlement attributed to him in this case.

[2] The doctrine of election does not apply. The appellees pursued the course they

did under a misapprehension of the facts, without negligence. 20 C. J. pp. 20, 21, 22, and 23; Tullos v. Mayfield (Tex. Civ. App.) 198 S. W. 1073; Sullivan v. Ramsey (Tex. Civ. App.) 155 S. W. 580; Wilson v. Carroll (Tex. Civ. App.) 50 S. W. 222. The case of T. & N. O. Ry. Co. v. McFaddin, 105 Tex. 19, 142 S. W. 1162, is relied on. In that case a garnishee deposited funds in his hands with the clerk, and at a time when the fund was in court, the parties with full knowledge proceeded to litigate over the fund, and the Supreme Court held that a party, having made an election at a time when the fund was in court, was bound thereby. Obviously that rule cannot be applied. The facts do not bring this case within the rule. The money was not in the registry of the court.

The question of res adjudicata is one of great difficulty on account of the unusual state of the record. If the testimony tending to impeach the orders in the first suit had been objected to by appellant, a proper solution of this appeal would be an easy task.

[3] The attack of appellees being made for the first time in a supplemental pleading is collateral. Crawford v. McDonald, 88 Tex. 626, 33 S. W. 325; Pearson v. Lloyd (Tex. Civ. App.) 214 S. W. 759 (writ denied).

[4] Where the judgment of a court of general jurisdiction is assailed in a collateral proceeding its validity can only be determined from the record. Stockyards National Bank v. Presnall, 109 Tex. 32, 194 S. W. 384.

[5] The decrees being under assault in a collateral proceeding and reciting facts showing jurisdiction, such recitals may not be contradicted by evidence aliunde the record. Heck v. Martin, 75 Tex. 469, 13 S. W. 51, 16 Am. St. Rep. 915; Letney v. Marshall, 79 Tex. 513, 15 S. W. 586; Crawford v. McDonald, supra; Martin v. Robinson, 67 Tex. 368, 3 S. W. 550.

Appellees rely on decisions holding that funds deposited with the clerk without an order of the court are not in legal custody, such as T. & P. Ry. v. Walker, 93 Tex. 611, 57 S. W. 568; People v. Cobb, 10 Colo. App. 478, 51 P. 523. In T. & P. Ry. Co. v. Walker, the amount due on a judgment was paid to the clerk without an order from the court, and it was held it was not a payment. People v. Cobb was a suit to recover from the sureties on a clerk's bond for money deposited with the clerk without a previous order. In none of the cases cited was the question of the effect of a judgment between the same parties involved.

[6] It is clear that evidence contradicting the recitals in the judgment, and to the effect that the money was not in the registry of the court, could not have been received over objection.

[7] There is a rule, though not urged by appellees, whereby the judgment of the trial court may be sustained. This is stated in Freeman on Judgments (5th Ed.) p. 788, § 375a, as follows:

"The public policy underlying the doctrine of collateral attack is not such as to prevent the interested parties from waiving the protection of the rule limiting collateral inquiries to the face of the record. The rule is not that a judgment which is void will be enforced as if it were valid, but that it cannot be shown to be void except in certain ways. And if the parties * * * stipulate, or fail to object to the evidence of, the facts showing lack of jurisdiction, it is then established that the judgment is void as effectively as though shown by the record, and whenever such fact is brought to the attention of the court, it is the duty of the court to so declare as a matter of law."

See, also, 34 C. J. p. 531. The rule announced has been applied in the following cases: Akley v. Bassett, 189 Cal. 625, 209 P. 576; Follette v. Pacific, etc., Co., 189 Cal. 193, 208 P. 295, 23 A. L. R. 965; People v. Harrison, 107 Cal. 541, 40 P. 956; Hill v. City, etc., Co., 79 Cal. 188, 21 P. 728; Boulter et al. v. Cook, 32 Wyo. 461, 234 P. 1101, 236 P. 245. An analogous rule was announced in Stephenson v. Miller-Link Co. (Tex. Com. App.) 277 S. W. 1039, where in determining the conclusiveness of a judgment, it was declared that the bar of a former judgment might be removed by stipulation or thereafter by agreement proceeding to trial and a new judgment.

[8] It seems to be fully established by the decisions that money cannot be properly paid into the registry of the court except by a previous order or by statutory authority. T. & P. Ry. Co. v. Walker, supra; People v. Cobb, supra; City of Whitesboro v. Diamond (Tex. Civ. App.) 75 S. W. 540; 18 C. J. p. 770; State v. Enslow, 41 W. Va. 744, 24 S. E. 679. Therefore, under the admissions of appellant, the money was deposited with the clerk without authority of the court and was embezzled by the clerk before any order concerning it was entered, and the court never acquired any jurisdiction over it.

Under the rule announced in Freeman on Judgments, supra, appellant's admissions have the same effect as though recited in the court's decree. It cannot be doubted that, if the judgment had recited that the decree that the money was in the registry of the court was based on the facts admitted by appellant, such a judgment would but advertise its invalidity, and proclaim itself impotent.

[9] A void judgment is a nullity. It is a dead limb on the judicial tree, which may be chopped off at any time and capable of bearing no fruit to the plaintiff therein. The rule thus applied is limited to the case shown by this record, where all the facts, relied on to defeat the judgment, are shown by solemn stipulations entered of record. The effect of evidence contradicting the recitals

in a judgment, and admitted without objection, is not presented for decision.

For the reason that the facts as admitted by appellant support the trial court's conclusions which have the effect to declare void the judgments relied on, the judgment of the trial court is affirmed.