Texas & Pacific Railway Company v. William Terry Walker.

No. 916. Decided June 14, 1900.

**Judgment—Payment to Clerk of Court.**

The clerk of a court has no authority under our statutes to receive money in satisfaction of a judgment recovered therein, and such payment will not discharge the judgment. Rev. Stats., arts. 4892, 2385, 1095, 1462-1464, 15, 1089, 1090, 3194, 3291. (Pp. 612-614.)

Question certified from the Court of Civil Appeals for the Second District, in an appeal from Tarrant County.

*T. J. Freeman* and *Stanley, Spoonts & Thompson,* for appellant.

*C. M. Brown* and *Green & Stewart,* for appellee.

WILLIAMS, ASSOCIATE JUSTICE.—The following question, arising upon the facts stated, is certified by the Court of Civil Appeals for the Second District:

"In October, 1885, appellee was a minor, and as such, in a suit by next friend, recovered a judgment against appellant in the District Court of Tarrant County for $250, from which no appeal was prosecuted and by virtue of which no execution ever issued. This suit was instituted to revive said judgment, it being alleged that it was unpaid.

"It was alleged and proven on the trial, as matter of defense, that soon after the rendition of the judgment aforesaid, appellant paid to the then clerk of said court the full amount of the judgment, of which the attorney for appellee in fact received one half, in accordance with the contract with him by said next friend, it being shown and admitted that said fee was a reasonable one. It was also shown and admitted that appellee was without a guardian at the date of said judgment and at the date of said payment.

"The trial court revived the judgment in the sum of $125, with interest thereon from the date of the judgment at the legal rate.

"But a single question is presented, all other facts being such as to support the judgment, to wit: Had said district clerk the authority in his official capacity to receive money in satisfaction of said judgment as was done by him?"

The statutes of this State abound with provisions defining and regulating with much detail the duties and powers of district clerks, but among them we find no trace of any such duty as that of collecting or receiving money due upon judgments. If this officer has the authority to receive such money, it is because it is his legal duty to do so, and the duty would require him to receive money upon any and all judgments rendered in this court. Considering the immense amounts that are adjudged in some of the courts at each term, this duty, if it exists, would undoubtedly be one of the most important of all that are imposed, and we should expect to find some notice taken of its existence in our legislation and some provisions regulating the discharge of it and giving adequate security to those entitled to have it performed. In the case of the sheriff, whose duty it is to collect judgments under execution, a bond for not less than five nor more than thirty thousand dollars, as fixed by the commissioners court, is exacted, and is expressly conditioned that the officer will pay over money collected under process. Rev. Stats., art. 4892. A summary remedy is given by motion to enforce the proper performance of this duty. Rev. Stats., art. 2385. No such provisions are made with reference to the clerk. His bond is fixed absolutely at the sum of $5000, and is conditioned for the safe keeping of the records

and the faithful discharge of his duties, and no such remedy is given against him. Of course, if it were his official duty to collect judgments, this bond would, to the extent of the penalty, secure its performance, but the absence of provisions like those made with respect to the sheriff is significant.

The clerk is required to turn over to his successor the records, books, and papers of his office, no mention being made of money on hand. Art. 1095. Express authority is given to him to receive money for specified purposes. Money or property deposited in court during the progress of any cause to abide the result of any legal proceeding is to be kept by him in a manner specifically prescribed by statute; and it is expressly made his duty to deliver it to his successor, and his bondsmen are expressly made responsible for the proper performance of this duty. Rev. Stats., arts. 1462-1464. Moneys realized as the proceeds of escheated property of aliens are to be deposited with him, but here again his duty with reference to such funds is particularly laid down. Art. 15. He is to collect jury fees and fines and make reports of same and pay them over to the county treasurer. Arts. 1089, 1090, 3194. Authority to collect costs of suit is also given to him, and this is the only instance which we have found, where authority to receive money is given, in which directions as to its disposition are not given.

The fact that express authority is given to receive money in the cases noted and the absence of any notice of what would be a much more extensive and important one argue very strongly that it was not intended that the latter should exist. And this conclusion is rendered plain by the provisions of article 3291, which prescribe the evidence of satisfaction of judgments essential to authorize the county clerk to enter satisfaction upon the record of abstracts. The modes in which satisfaction for this purpose may be shown are (1), the return on an execution or a copy of such return certified by the officer to whom it is made (the district clerk), and (2), the receipt, etc., of the party entitled to receive payment, or his agent or attorney of record. Thus it appears that the clerk of the district court may show satisfaction by a certified copy of a return, but not by a receipt or certificate showing payment to himself, as would undoubtedly have been provided had he been authorized to accept payment.

It may be true that the court may order money paid into court in satisfaction of its judgment and may make the clerk the custodian of it. It being the duty of the clerk to obey legitimate orders of the court, it would then become his official duty to carry out such directions as the court might make. But this would not be the exercise of an authority conferred by law generally, but of one arising from the particular order or judgment. Railway v. Styron, 66 Texas, 427, 428.

It seems to be equally true that in cases such as that just cited, the court might order that the money, if collected on execution, should remain in the hands of the sheriff until there was some one entitled to receive it. Railway v. Ormond, 64 Texas, 490. The effect of article

3498w in cases to which it applies is not considered, as it was enacted after this transaction took place.

This examination of our statutes convinces us that the district clerk had no authority to accept payment of the judgment in question. Since our conclusion is based upon our own legislation, it is unnecessary for us to review the authorities elsewhere.

We answer the question in the negative.