## SCHOFIELD, Trustee, v. CLEVELAND TRUST COMPANY.

Common Pleas Court, Cuyahoga County.

No. 437880.   Decided June 21, 1948.

Garfield, Baldwin, Jamison, Hope & Ulrich, Robert H. Jamison & Robert F. Lee, of counsel, Cleveland, for plaintiff.

Jones, Day, Cockley & Reavis, Frank C. Heath, of counsel, Cleveland, Douglas, Stark, Jett & Biechele, R. S. Douglas, of counsel, for defendant.

### OPINION

By GRIFFIN, J.

Prior to 1943, plaintiff, a successor trustee, filed suit against the defendant bank to recover moneys alleged to have been diverted from the trust estate by the original trustee, and paid in part to the bank and in part to third persons, on private, personal obligations, and for personal purposes of the trustee.  It was further alleged that the defendant bank

participated in all such diversions with either knowledge or notice thereof. Recovery was ultimately allowed against the defendant bank for diversions in which the funds were actually paid to the defendant bank. The action was at law and for money only. (24 O. O. 345.)

On March 31, 1943, the Common Pleas Court of this county rendered judgment on certain claims in the above action against defendant Cleveland Trust Company for $16,450 which amount included interest to March 31, 1943, and with respect to other claims of the plaintiff rendered judgment against the plaintiff.

On April 2, 1943, defendant deposited with the clerk of this court the sum of $16,583.11. Neither the defendant nor the clerk of court at that time gave plaintiff any notice of the making of said deposit, and the fact of the deposit was not actually brought to the knowledge of either plaintiff or his counsel until about August 26, 1946.

After said judgment was rendered by the Common Pleas Court the plaintiff appealed to the Court of Appeals seeking recovery from defendant with respect to the claims upon which the Common Pleas Court had ruled against him. The Court of Appeals affirmed the judgment rendered by the trial court.

Pursuant to plaintiff's further appeal the Supreme Court of Ohio on February 25, 1948 (149 Oh St, 133, 36 O. O. 477), entered an order partly reversing and partly affirming the judgment of the Court of Appeals.

The Supreme Court awarded the plaintiff additional amounts of $11,922.69 and $19,683.42, both with interest.

Thereafter defendant paid to plaintiff, and plaintiff accepted $76,308.96; this, by agreement of the parties, being the correct amount, including interest, due for the additional amount adjudged to plaintiff by the Supreme Court. Defendant has never paid direct to plaintiff any principal or interest upon the original amount of judgment in the Common Pleas Court nor has it ever made any tender thereof apart from the deposit made with the Clerk of Courts. Further, there has been no order of court expressly directing or authorizing payment to the Clerk of Courts.

This set of facts gives rise to the following questions:

(1) Where a judgment debtor deposits the amount of the judgment with the Clerk of Courts without notice to or agreement with the judgment creditor does such deposit constitute payment to the judgment creditor and operate to satisfy the judgment?

(2) Does such deposit stop the running of interest on the judgment?

The court has had the benefit of extensive briefs by both parties and has made considerable independent study of the questions involved.

The duties of the Clerk of Courts are set forth in §§2867 to 2908 GC as well as in a number of other scattered sections in the Code. While the authority, power and duties of the clerk are set forth with considerable particularity and detail the court finds that the General Code provisions do not at any point expressly or specifically direct or authorize the clerk to accept payments of judgments under the circumstances in this case.

**Sec. 2899 GC,** provides, as follows:

"The clerk of each of the courts shall exercise the powers conferred and perform the duties enjoined upon him by statute and by the common law; and in the performance of his duties he shall be under the direction of his court."

At common law the Clerk of Court was without general authority to receive payment of judgments.

See 23 O. Jur. 1312; Freeman on Judgments, Vol. 2 Sec. 1115; 34 Cor. Jur. 686, Judgments, Sec. 1058; 31 Amer. Juris. 356, Judgments Sec. 868.

It follows then that the authority of the clerk to accept payment of judgments in the type of case before the court must exist, if it exists at all, by virtue of statutory authority either express or implied. It is true that in a number of specific instances such as in certain condemnation judgments and foreclosure proceedings, the clerk is specifically authorized to receive payments of money.

The court finds, however, that none of these special statutory provisions are applicable to the facts in the present case.

After a careful study of the cases cited, and the statutory provisions governing the clerk's duties, the court concludes that the authority to accept payment under the circumstances in this case can not be implied from any of the provisions of the General Code. While the statutes of this state contain many provisions defining and regulating with much detail the duties and powers of clerks of courts, this court finds no evidence of any such duty as that or collecting or receiving money due upon judgments under the circumstances of this case. If the clerk has the authority to receive such money it is because he has the legal duty to do so, and that duty would require him to receive money upon any and all judgments rendered in

the court. Considering the immense amounts that are adjudged in some of the cases before this court this duty, if it existed, would undoubtedly be one of the most important of all that are imposed by the statutes, and we should expect to find some specific notice taken of its existence in our legislation, and some provisions regulating the discharge of it. The existence of the several exceptions appearing in the Code, as hereinbefore noted, fortifies the rule that there is no general authority in the clerk to accept payment of judgments under the well settled rule that the mention of one thing implies the exclusion of another thing; **expressio unius est exclusio alterius.**

As stated in Texas & Pacific Railway Co. v. Walker, 93 Texas, 611:

"The fact that express authority is given to receive money in the cases noted and the absence of any notice of what would be a much more extensive and important one argue very strongly that it was not intended that the latter should exist."

The fact that express authority is given by statute in the particular instances noted herein and the absence in the legislation of any notice of what would be a much more extensive and important duty argues very strongly that it was not intended that the latter should exist.

"He (Clerk of Courts) has such duties only as are given by statute." **State v. Shaw, 43 Oh St, 324.**

"The powers so conferred are to be strictly construed and exercised in accordance with the statute conferring them." **7 O. Jur. 673,** Clerk of Courts.

In **23 O. Jur., 1312**—Judgments, Sec. 1287, the rule is stated, as follows:

"**Sec. 1287 GC.** Payment to Clerk of Court. In the absence of statutory provision, the clerk of courts ordinarily has no authority to receive payment of judgments, and a deposit with him of the amount due, with notice of this fact to the creditor, is not even a tender of payment. He is merely the agent of the debtor under such circumstances."

2 Freeman on Judgments (5 Ed.) 2324, Sec. 1115, states:

"However, the clerk ordinarily has no authority to receive

payment. And a deposit with him of the amount due, with a notice of this fact to the creditor, is not even a tender of payment. He is merely the agent of the debtor under such circumstances."

49 C. J. S. 1022, Judgments, Sec. 551, states:

"It is a general rule that the clerk of the court in which a judgment has been rendered has no right to receive money from the judgment debtor in satisfaction of the judgment without special authority, such as authority conferred expressly or impliedly by statute."

"The payment of a judgment in order to be effective, must be made to a proper party." Amer. Juris. Vol. 3, p. 356 Sec. 867.

Payment to the clerk under the circumstances of this case was without authority of law, and of no more effect than a deposit of the amount with any third person. It could not operate as a payment or satisfaction of the judgment, at least not until recognized and accepted as such payment by the plaintiff. The clerk could not receive the money in his official capacity unless authorized to do so by statute or by order of the court.

Answering the questions stated at the outset:

(1) The deposit by the defendant with the clerk of courts in this case, to wit, $16,583.11 on April 2, 1943, did not constitute payment to the plaintiff, the judgment creditor, and does not operate to satisfy the judgment.

(2) Such deposit does not stop the running of interests on the judgment with the result that the interest continues to run until the judgment is duly paid.

Wherefore, the court orders a final judgment herein in the amount of $92,748.96, together with costs in all courts; the court orders that partial satisfaction of said judgment be entered in the amount of $76,308.96.

The court further finds and adjudges that there is now due and owing to the plaintiff from defendant the sum of $16,450 with interest at six per cent per annum thereon from March 31, 1943, and costs of suit.