A. H. BELO CORPORATION, Appellant,

v.

H. B. SANDERS, Appellee.

No. 8748.

Court of Civil Appeals of Texas, Texarkana.

Jan. 31, 1980.

Rehearing Denied March 31, 1980.

John L. Estes, Locke, Purnell, Boren, Laney & Neely, Dallas, for appellant.

J. R. Cornelius, The Cornelius Law Firm, Jefferson, for appellee.

RAY, Justice.

This is a venue case. Appellee (plaintiff) H. B. Sanders (Sanders) filed suit against appellant (defendant) A. H. Belo Corporation (Belo) for damages for slander of title and for removal of a cloud on the title to his real estate located in Marion County, both remedies being based upon a claim of a wrongful filing of an abstract of judgment.

Belo filed its plea of privilege which was overruled by the trial court. Appellant has perfected its appeal and submits five points of error for our consideration, contending that the trial court should have transferred this case to Dallas County where appellant maintains its principal place of business.

In appellee's controverting affidavit he asserted that the abstract of judgment filed by Belo in Marion County cast a cloud upon the title to certain lots in Marion County which he owned. While not specifically mentioned in the controverting affidavit, such allegation would have the effect of asserting that Sanders' suit came within Subdivision 14 of Article 1995, Tex.Rev.Civ. Stat.Ann. 1 McDonald's, Texas Civil Practice § 4.49, p. 600.

Sanders also asserted venue in Marion County by virtue of Subdivisions 7 and 23 of Article 1995, supra.

It is undisputed that on August 9, 1976, Belo caused to be filed and recorded in the Abstract of Judgment records of Marion County a judgment from the 193rd Judicial District Court of Dallas County in favor of Belo, styled Belo Corporation v. H. B. Sanders, Individually and d/b/a Deer Cove, numbered 75–10597–L. Subsequently, on May 24, 1978, in a bill of review action, the 193rd Judicial District Court in Dallas set aside its former judgment. On May 30, 1978, the bill of review judgment was filed and recorded in the Abstract of Judgment records of Marion County and decreed that the 1976 judgment in cause no. 75–10597–L was a nullity, ". . . and any Abstract of Judgment created from said Judgment is a nullity . . . ." The Belo Corporation, however, has refused to execute and record a release of the judgment, and the abstract thereof remains of record in Marion County.

While Subdivision 14 of Article 1995, supra, is not mentioned in either brief submitted by the parties, it must be considered as one of the subdivisions considered by the trial court in rendering judgment. The controverting affidavit as well as Sanders' amended petition state that the suit is to remove a cloud upon the title to all of the land and lots owned by appellee in Marion County, Texas. The allegations contained in the amended petition bring the case within Subdivision 14, supra, and venue would be maintainable in Marion County if the evidence was sufficient to justify the trial court in impliedly finding that Sanders owned land in Marion County.

■ In a suit to remove cloud from title to land, the plaintiff has the burden of proving two venue facts: First, the nature of the suit; and second, that the land is located in the county of suit. *Atlantic Richfield Co. v. Trull*, 559 S.W.2d 676, 679 (Tex.Civ.App. Corpus Christi 1977, writ dism'd); *Batex Oil Company v. LaBrisa Land and Cattle Co.*, 352 S.W.2d 769, 771 (Tex.Civ.App. San Antonio 1961, writ dism'd).

■ There was no direct testimony that Sanders' land was located in Marion County, but the county clerk testified that an abstract of judgment had been filed against H. B. Sanders by the Belo Corporation in Volume 4, Page 363, of the Marion County Abstract of Judgment records. Sanders testified that he lived in Marion County, that he had a Jerico Subdivision where he

sold lots, and that he had "a little grocery store there too." He further testified that he made an application for a loan with the Citizens National Bank in Baytown; that he went "to the abstract plant" and asked them to give him a title policy on his property, but that the abstract company refused to issue a title policy because the Belo Corporation had an abstract of judgment on record. He also testified that he had agreed to sell a lot in his subdivision, and that when he went to the abstract company and applied for a title policy on his lot, he was refused because of the Belo abstract of judgment being on record. Since the abstract of judgment was filed in Marion County, and the abstract company refused, because of that abstract of judgment, to issue a title policy covering Sanders' lots, it can be inferred that those lots were located in Marion County. The circumstantial evidence is sufficient to support the trial court's implied finding that Sanders owned some land in Marion County and that the title to that land was clouded by an abstract of judgment on record in the county clerk's office which had not been released. Such evidence was sufficient for the trial court to have sustained venue in Marion County under Subdivision 14 of Article 1995, supra.

The judgment of the trial court will be affirmed.

CORNELIUS, C. J., not participating.

## ON MOTION FOR REHEARING

RAY, Justice.

The Belo Corporation, appellant, asserts in its motion for rehearing that the filing of the bill of review judgment in the judgment records of Marion County removed all incumbrances and clouds upon Sanders' title to his lots before the venue hearing was held. Appellant cites *Stewart v. Whitworth*, 453 S.W.2d 875 (Tex.Civ.App. Houston–1st Dist.1970, writ dism'd). There the court held that the defendant's disclaimer of any interest in plaintiff's land prior to the plea of privilege hearing made plaintiff's claim to remove cloud on title moot and that venue could not be maintained

under Article 1995, Subdivision 14, Tex.Rev. Civ.Stat.Ann. The court there cited § 4.22.5 of 1 McDonald's, Texas Civil Practice (1965). Section 4.22.5 is as follows:

"Suits to remove incumbrances or to quiet title cause little difficulty. An incumbrance is an estate, interest, or right in land which diminishes its value to the general owner. An action to quiet title receives in venue controversies a construction broader than that historically accorded to the equitable bill of the same name. Here it includes every suit founded upon an equitable title or right and requiring for its effectuation the removal of a legal impediment to the plaintiff's right to the property. Obviously, some actions noted under the term 'suits for the recovery of land' can with equal propriety be classified here. Illustrative cases are footnoted. On the venue hearing, the nature of the suit ordinarily will be determined by reference to the petition; though when the plaintiff's pleading or the defendant's showing indicates that an apparent incumbrance or cloud has been removed before the venue hearing, the plaintiff must show by extrinsic evidence that the incumbrance or cloud still impairs his title at the date of hearing. . . ."

We do not think *Stewart v. Whitworth* is applicable because there the defendant had disclaimed any interest in the plaintiff's land. Here, Belo Corporation has not filed a disclaimer.

While this case appears to be a "tempest in a tea pot," the county clerk of Marion County testified that until Belo Corporation executed a release of its abstract of judgment, her records would continue to show that an abstract of judgment existed. There was testimony by Sanders that he could not sell his lots because of the recorded abstract of judgment. We think this evidence was sufficient to show that an incumbrance or cloud still impairs Sanders' title and that such existed at the date of the venue hearing. It would have been easy for Belo Corporation to have executed a release of the abstract of judgment prior

to the venue hearing or to have filed a disclaimer, neither of which was done.

■ It is our conclusion that the filing of the bill of review judgment in the judgment records of Marion County did not remove the cloud upon land owned by Sanders. Any time that a suit is brought to remove cloud from title, it is an action to set aside a void instrument. When a judgment is abstracted pursuant to Article 5447, Tex.Rev. Civ.Stat.Ann., and recorded pursuant to Article 5448, Tex.Rev.Civ.Stat.Ann., or Article 1941(a) (Supp.1978–1979), Tex.Rev.Civ.Stat. Ann., a judgment lien is perfected when the judgment has been properly recorded and indexed and continues as a lien for 10 years unless during that 10 year period the judgment becomes dormant, at which time such lien shall cease to exist. Article 5449, Tex. Rev.Civ.Stat.Ann.

It is the opinion of this Court that when the district court in Dallas entered its bill of review judgment decreeing the 1976 judgment against Sanders to be a nullity and the abstract of judgment a nullity, it did not go far enough in its decree to completely remove the cloud cast upon lands owned by Sanders. Until the records in Marion County show that the judgment lien has been satisfied, released, discharged or canceled, along with any abstracts of such judgment, then the lots owned by Sanders still have clouded titles. What the district court could have done, was to have entered an order discharging and canceling the 1976 judgment and any abstracts of said judgment and ordered the county clerks of all counties, in which such judgment was abstracted and recorded, to enter upon its "judgment record" and the alphabetical index thereto an entry showing the judgment and any abstracts thereof to be released, discharged and canceled in the manner provided by Article 5448 or Article 1941(a), whichever was applicable.

Article 5450, Tex.Rev.Civ.Stat.Ann., provides two of the methods for showing that a judgment has been satisfied in whole or in part. The satisfaction can be shown by return upon an execution issued upon the judgment or a certified copy of such return.

Further, satisfaction of any judgment may be shown by a receipt, acknowledgment or release signed by the party entitled to receive payment of the judgment, or his agents, or attorney of record, and acknowledged or proven for record as required for deeds. Unless the clerk receives evidence of the satisfaction of a judgment as prescribed by Article 5450, the clerk has no authority to make an entry in the "judgment record" showing credits upon or satisfaction of an abstract of judgment previously recorded and indexed, except the clerk is bound to make such entries as may be ordered by the court to show a judgment lien satisfied or canceled. See Hudspeth, *Judgment Liens and Abstracts of Judgment in Texas,* 32 Tex.B.J. 520 (1969); *Texas & P. Ry. Co. v. Walker,* 93 Tex. 611, 57 S.W. 568 (1900).

■ While the recording of the bill of review judgment in the "judgment record" of Marion County might have rendered the judgment lien of Belo unenforceable, the unreleased and uncanceled abstract of judgment would still form a sufficient basis for a suit to quiet title and remove the cloud created by the abstract of judgment recorded in the "judgment record." *First National Bank of McAllen v. Moore,* 7 S.W.2d 145, 147 (Tex.Civ.App. San Antonio 1928, writ dism'd); *Jarrett v. Sanger Brothers,* 294 S.W. 663 (Tex.Civ.App. Beaumont 1927, no writ).

Appellant's motion for rehearing is overruled.

CORNELIUS, C. J., not participating.