

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-14-00040-CV

KINGMAN HOLDINGS, LLC, AND
MARK DISANTI, INDIVIDUALLY
AND AS GOVERNING PERSON OF
KINGMAN HOLDINGS, LLC

APPELLANTS

V.

WELLS FARGO BANK, N.A.

APPELLEE

----------

FROM THE 431ST DISTRICT COURT OF DENTON COUNTY
TRIAL COURT NO. 2012-71283-431

----------

## MEMORANDUM OPINION[1]

----------

In this appeal from a suit to quiet title and for declaratory relief, the trial court granted summary judgment in favor of Appellee Wells Fargo Bank, N.A., holding as a matter of law that Wells Fargo holds all right, title, and ownership to

---

[1]*See* Tex. R. App. P. 47.4.

the property at issue (the Property) and ordering that any adverse claim or interest in the Property by Appellants Kingman Holdings, LLC and Mark DiSanti, individually and as Governing Person of Kingman Holdings, LLC, be "removed, cleared and/or expunged." The sole issue that we address is whether the disclaimer contained in the answer filed by Appellants disposed of any justiciable controversy by removing cloud on title to the Property and thus mooting this appeal. Because Appellants' disclaimer did not operate to automatically remove the cloud on title to the Property, we will affirm.

In the underlying suit to quiet title, Appellants and Wells Fargo agreed that Wells Fargo holds superior title to the Property.[2] The property records, however, reflected that both Wells Fargo and Kingman Holdings (via a deed from DiSanti) held deeds to the Property. The competing property interests created a cloud on title to the Property, which created problems when Wells Fargo attempted to convey the Property to the Department of Housing and Urban Development (HUD). HUD informed Wells Fargo's counsel that it would not accept a conveyance of the Property without a deed from Kingman Holdings conveying its interest in the Property to Wells Fargo. No deed from Kingman Holdings conveying its interest in the Property to Wells Fargo was ever signed. Appellants argued in the trial court and continue to argue on appeal that the disclaimer they

_____

[2]Because Appellants do not challenge on appeal that Wells Fargo holds superior title to the Property, we need not set forth all of the transactions that make up the Property's chain of title.

2

filed in their answer to Wells Fargo's suit to quiet title operated to remove the cloud on title to the Property and that the appeal is thus moot.[3]

The question of whether an appeal is moot implicates subject-matter jurisdiction. *See Meeker v. Tarrant Cnty. Coll. Dist.*, 317 S.W.3d 754, 759 (Tex. App.—Fort Worth 2010, pet. denied). Whether a court has subject-matter jurisdiction is a legal question that we review de novo. *Tex. Parks & Wildlife Dep't v. Sawyer Trust*, 354 S.W.3d 384, 388 (Tex. 2011).

A suit to quiet title exists "to enable the holder of the feeblest equity to remove from his way to legal title any unlawful hindrance having the appearance of better right." *Vernon v. Perrien*, 390 S.W.3d 47, 61 (Tex. App.—El Paso 2012, pet. denied); *Essex Crane Rental Corp. v. Carter*, 371 S.W.3d 366, 388 (Tex. App.—Houston [1st Dist.] 2012, pet. denied). A cloud on title exists when an outstanding claim or encumbrance is shown, which on its face, if valid, would affect or impair the title of the owner of the property. *Vernon*, 390 S.W.3d at 61; *Essex Crane Rental Corp.*, 371 S.W.3d at 387–88. The effect of a suit to quiet

---

[3]Appellants also argue that any justiciable controversy was disposed of when DiSanti signed a Release of Lis Pendens. The underlying Notice of Lis Pendens—which was released by the Release of Lis Pendens—related to a suit DiSanti had filed in his individual capacity against Wells Fargo; Kingman Holdings was not a party. *See generally* Tex. Prop. Code Ann. § 12.007 (West Supp. 2014); *Countrywide Home Loans, Inc. v. Howard*, 240 S.W.3d 1, 4 (Tex. App.—Austin 2007, pet. denied) (stating that a lis pendens is a "notice, recorded in the chain of title to real property . . . to warn all persons that certain property is the subject matter of litigation"). The Release of Lis Pendens thus did not remove the cloud on title to the Property created by the quitclaim deed from DiSanti to Kingman Holdings.

title is to declare invalid or ineffective the defendant's claim to title. *Vernon*, 390 S.W.3d at 61; *Essex Crane Rental Corp.*, 371 S.W.3d at 387–88. The plaintiff must prove, as a matter of law, that he has a right of ownership and that the adverse claim is a cloud on the title that equity will remove. *Vernon*, 390 S.W.3d at 61; *Essex Crane Rental Corp.*, 371 S.W.3d at 387–88. However, a disclaimer filed by a defendant entitles the plaintiff, without the need to introduce evidence, to a judgment against that defendant for all land in issue which has been disclaimed. *Clarady v. Bonin*, 597 S.W.2d 445, 447 (Tex. Civ. App.—Beaumont 1980, writ ref'd n.r.e.).

Although Appellants argue that Wells Fargo never advanced any legally cognizable claim or cause of action capable of conferring jurisdiction upon the trial court, Wells Fargo alleged in its petition that "Defendants' purported and/or extinguished claims of interest in and/or to the Property 'clouds' Wells Fargo's title." Wells Fargo's summary-judgment evidence establishes that it could not convey the Property to HUD because of the cloud on title created by a quitclaim deed from DiSanti to Kingman Holdings.[4]

Appellants' disclaimer, which was included in their answer, did not operate to automatically remove the cloud on title created by the quitclaim deed from DiSanti to Kingman Holdings because it did not constitute a judgment that could

---

[4]Wells Fargo's summary-judgment evidence also established that it had forwarded a deed to Kingman Holdings for signature by Appellants' counsel or any authorized agent of Kingman Holdings, but a signed deed was never delivered to Wells Fargo.

4

be filed in the property records. Instead, Appellants' disclaimer entitled Wells Fargo, without having to introduce evidence, to a judgment for the interest disclaimed by Appellants. *See id.*; *see also Jordan v. Exxon Corp.*, 802 S.W.2d 880, 884 (Tex. App.—Texarkana 1991, no writ) (holding that bank's disclaimer was effective to give appellants the fundamental right to a judgment for title to the interest shown to have been owned by the bank); *Stewart v. Whitworth*, 453 S.W.2d 875, 881 (Tex. Civ. App.—Houston [1st Dist.] 1970, writ dism'd) (stating that Whitworth's disclaimer entitled Stewart to have judgment rendered against Whitworth for cancellation of the deed in trust); *Brown v. Brown*, 280 S.W. 918, 918 (Tex. Civ. App.—Beaumont 1926, writ dism'd w.o.j.) (holding that appellant's disclaimer, as contained in his answer, entitled appellee to recover judgment for the title and possession of the property at issue). The summary judgment that the trial court granted Wells Fargo therefore gave effect to Appellants' disclaimer and provided a judgment that could be recorded in the property records, thus removing the cloud on title to the Property.

We hold that a justiciable controversy existed in the trial court because Appellants' disclaimer did not remove the cloud on title created by the competing interests recorded in the property records and that the trial court thus had subject-matter jurisdiction over Wells Fargo's suit to quiet title. *Compare Mortg. Elec. Registration Sys., Inc. v. Groves*, No. 14-10-00090-CV, 2011 WL 1364070, at *5 (Tex. App.—Houston [14th Dist.] Apr. 12, 2011, pet. denied) (mem. op.) (holding that justiciable controversy existed because Groves alleged in her

5

petition that MERS's deed of trust purported to create a lien for security purposes on her property), *and A.H. Belo Corp. v. Sanders*, 598 S.W.2d 7, 10 (Tex. Civ. App.—Texarkana 1980, no writ) ("While the recording of the bill of review judgment [stating that any abstract of judgment created from prior judgment was a nullity] . . . might have rendered the judgment lien of Belo unenforceable, the unreleased and uncanceled abstract of judgment would still form a sufficient basis for a suit to quiet title and remove the cloud created by the abstract of judgment . . . .'"), *with Mortg. Elec. Registration Sys., Inc. v. DiSanti*, No. 02-10-00169-CV, 2011 WL 255815, at *2 (Tex. App.—Fort Worth Jan. 27, 2011, no pet.) (mem. op.) (holding appeal moot because at the time DiSanti filed suit, MERS had assigned its interest to Met Life, and thus MERS no longer had any right to the property), *and Mauro v. Lavlies*, 386 S.W.2d 825, 827 (Tex. Civ. App.—Beaumont 1964, no writ) (finding no justiciable controversy because no evidence existed in the record showing that plaintiffs were attempting to sell the property and had been prevented from doing so because of recorded abstract of judgment).[5] We overrule Appellants' first issue.

In their second issue, Appellants argue that if we determine there was no justiciable controversy, we should remand Appellants' counterclaim for attorneys'

---

[5]Based on our holding, we need not address the first argument Appellants raise within their first issue, arguing that the declarations issued by the trial court demonstrate the mootness of this proceeding as a matter of law. *See* Tex. R. App. P. 47.1 (requiring appellate court to address only issues necessary to final disposition of appeal). We also need not review the merits because Appellants challenge only the trial court's jurisdiction on appeal.

6

fees under chapter 37 of the Texas Civil Practice and Remedies Code. Appellants contend that such a finding by this court—that there was no justiciable controversy—would change the status of the prevailing party under the Declaratory Judgments Act and could entitle them to their attorneys' fees under the Act. Because we held above that a justiciable controversy does exist, we overrule Appellants' second issue.

Having overruled both of Appellants' issues, we affirm the trial court's judgment.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT and WALKER, JJ.

DELIVERED: October 2, 2014

7